UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYES VASQUEZ-GUERRERO (A#240-465-035),<br>Petitioner,<br>v.<br>CENTRAL VALLEY ANNEX,<br>Respondent. | No. 1:26-cv-07184-DC-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

The record demonstrates that Petitioner is a native and citizen of Mexico who entered the United States on an unknown date without being inspected by immigration officials. ECF No. 5-1 (I-213 Form). Immigration and Customs Enforcement ("ICE") officers detained him on July 7, 2026, while he was walking down the street after being released from a local jail. ECF No. 5-1 at 2. Since that time, Petitioner has not been provided a bond hearing before an immigration judge.

Petitioner's Rap Sheet submitted by Respondent indicates that he was charged on May 26, 2025 for the felony of inflicting corporal injury on a spouse or cohabitant in violation of

California Penal Code § 273.5(A). ECF No. 5-3 at 4. Although the I-213 Form indicates that Petitioner was convicted of this offense and is "pending sentencing," no disposition is listed on the Rap Sheet. Compare ECF No. 5-1 at 3 with ECF No. 5-3 at 4-5. Petitioner is currently detained at the Central Valley Annex located in this judicial district.

In his § 2241 application, Petitioner challenges his warrantless arrest and detention as a violation of due process, amongst other claims for relief. ECF No. 1. Respondent concedes that Petitioner is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a), but argues that he has not exhausted his administrative remedies because he did not request a custody redetermination hearing when he was served with the Notice of Custody Determination form on August 8, 2026. See ECF No. 5 (citing Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. July 30, 2026); see also ECF No. 5-5. Notably, ICE did not make this initial administrative custody determination until Petitioner had been detained for over one month.

## II. Exhaustion of Administrative Remedies

Exhaustion of administrative remedies are not required under the circumstances of this case. "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004). In this case, ICE did not provide Petitioner notice that he could access administrative remedies under the applicable detention statute and regulations—8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1, 1236.1—until August 8, 2026. Administrative remedies were unavailable to Petitioner for a period of one month after his arrest by ICE. Therefore, exhaustion should be waived in this case because his administrative remedies were "inadequate or not efficacious." Laing, 370 F.3d at 1000.

## III. Analysis

### A. Warrantless Arrest

As an initial matter, the immigration records submitted by Respondent in this case

demonstrate that Petitioner was not arrested pursuant to an administrative warrant. The I-213 Form indicates that Petitioner's arrest occurred around 11:30 a.m. ECF No. 5-1 at 2. However, the signature stamp on the administrative warrant indicates that it was not issued until 2:52 p.m., hours after Petitioner's arrest. ECF No. 5-2 at 1. On this record, Respondent failed to comply with the statutory warrant requirement of 8 U.S.C. § 1226(a).

Moreover, there is no indication that any of the exceptions to the warrant requirement described in 8 U.S.C. § 1357(a)(2), (4), (5) apply in this case. See Landa Zaragoza v. Chestnut, No. 1:26-cv-05294 (EJD), 2026 WL 2049841 *2 (E.D. Cal. July 15, 2026) (explaining the limited circumstances of such exceptions). "As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." Chogllo Chafla v. Scott, 804 F. Supp. 3d 247, 264 (D. Me. 2025) (emphasis in original); see also A.E.R.T. v. Wofford, No. 1:25-CV-01824-KES-SKO (HC), 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025); Landa Zaragoza, 2026 WL 2049841 at *2. This is because "the warrant requirement in § 1226(a) is mandatory under the plain terms of the statute." Kumar v. Noem, No. 1:26-cv-00601-DC-EFB (HC), 2026 WL 1949001 (E.D. Cal. July 6, 2026), adopted on other grounds by 2026 WL 2086011 ( July 20, 2026). Therefore, the undersigned concludes that Petitioner's arrest was unlawful rendering his detention unlawful under 8 U.S.C. § 1226(a).

**B. Procedural Due Process**

Having concluded that Petitioner is entitled to relief, the undersigned additionally analyzes Petitioner's due process claim as an alternative basis for relief in this case. The detention authority of 8 U.S.C. § 1226(a) provides "substantial procedural protections," Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193 (9th Cir. 2022), including the right to request an initial custody re-determination before an IJ under 8 C.F.R. § 1236.1(d). However, Petitioner was also denied this statutory protection for approximately one month in this case, which constitutes a separate procedural due process violation. See Feng v. Lyons, No. 1:26-cv-0235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (finding that the "provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right."). To put it simply, the "failure to

comply with the procedures set forth by 8 U.S.C. § 1226(a) and its implementing regulations during a petitioner's initial detention renders that detention unlawful and that unlawfulness cannot be cured through belated compliance with statutory requirements." Zurita Navarro v. Warden, Central Valley Annex Detention Facility, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (citing J.T.G. v. Genalo, No. 26-cv-04521-AT, 2026 WL 1724325, at *4 (S.D.N.Y. June 15, 2026) (finding that procedural due process requires compliance with 8 U.S.C. § 1226(a) when detaining the petitioner under that authority and that detention which was "unlawful from the outset" due to the failure to perform an initial custody determination cannot be cured by a belated custody determination). Therefore, Petitioner's initial period of detention failed to comply with the statutory requirements of § 1226(a) and rendered his subsequent detention unlawful.

**C. Release is the Appropriate Remedy**

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Appropriate relief here should take the form of immediate release from immigration detention. As another judge in this judicial district recently concluded as to a similar set of statutory violations, each "failure[] independently fails to provide the process due under 8 U.S.C. § 1226(a) and accordingly would serve as a basis for an order requiring the release of petitioner. This is because failure to comply with the express terms of [§] 1226 when [respondent] detained petitioner prevents the court from concluding that petitioner is properly detained on that basis." Zurita Navarro, 2026 WL 2294963, at *2 (cleaned up). The record before the Court demonstrates repeated failures to comply with the statutory and regulatory protections to which Petitioner is entitled.

While Respondent indicates that a § 1226(a) bond hearing is the appropriate remedy, Respondent does not suggest, much less show, that Petitioner is a danger to the community or a flight risk such that immediate release would be inappropriate. See ECF No. 5. Based on the absence of any showing that Petitioner is a flight risk or danger, as well as the conflicting evidence about whether Petitioner was convicted of inflicting corporal injury on a spouse or cohabitant at the time that he was detained by ICE, the undersigned concludes that release is the

appropriate remedy in this case. See Yang v. Warden, Cent. Valley Annex, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933, at *2 (E.D. Cal. Oct. 5, 2026) (finding that release was appropriate for the noncitizen detained without a pre-deprivation bond hearing where the respondents “provide[d] the court with no argument as to how” the petitioner’s criminal history had “any bearing on [the] case or the government’s act of detaining Petitioner” pursuant to 8 U.S.C. § 1226(a)); Velasquez Leon v. U.S. Attorney General/ICE, No. 1:26-cv-07221-DC-CKD, 2026 WL 2982950, at *2 (E.D. Cal. Oct. 5, 2026) (same where the respondents note the petitioner’s earlier arrest that “was disposed of with ‘no action,’ but provide[d] the court with no argument as to how that dropped charge ha[d] any bearing on [the] case”).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on claims one and two.[1]

2. Respondent be ordered to immediately release Petitioner REYES VASQUEZ-GUERRERO (A#240-465-035) from their custody and to return all of Petitioner’s documents and possessions at the time of release.

3. Respondent be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

a. Serve a copy of any release order on the Central Valley Annex Detention Facility; and,

---

[1] In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE